## Cooper *against* Gray.

, In a *scire facias sur* recognizance of absolute bail for a stay of execution, a variance between the name of one of the plaintiffs in the writ and recognizance, cannot be taken advantage of upon the plea of *nul tiel* record.

Nor is the recital, in the writ, of an erroneous date of the recognizance a material variance, especially if the true date be uncertain.

The objection that a writ of *scire facias* upon a recognizance, issued before the money secured by it was payable, can not be taken advantage of upon the plea of *nul tiel* record, it must be specially pleaded.

In an action against two, upon one of whom only the writ was served, a general judgment will be considered as against him only upon ·whom the writ was served, the form of the declaration not appearing upon the record.

ERROR to the district court of *Allegheny* county.

This was a *scire facias* by Collin Cooper and Samuel Dunton against James Gray, upon a recognizance of absolute bail for the stay of execution, to which the defendant pleaded *nul tiel* record. The *scire facias* recited that—

" Whereas, Cooper and Dunton, lately, in our court of common pleas before our judge of said court at Pittsburgh, to wit, on the 9th day of February, A. D. 1839, by the judgment of our said court, recovered against Samuel M. Kelvy, impleaded with William Hall, the sum of 826 dollars and 42 cents of damages, and 20 dollars for their costs and charges by them, about their suit, in that behalf expended, whereof the said Samuel is convicted, as appears to us of record.   And whereas afterwards, to wit, March 2, 1839, James Gray appeared and acknowledged himself bound in recognizance in 1500 dollars, *sub. con.* as security of defendant, M. Kelvy, in order to entitle him to stay of execution, according to law, &c. And we have in our said court understood, that although the stay of execution is now out, yet execution thereof still remains to be made, whereof the said Cooper and Dampton have besought us to grant unto them, in this behalf a proper remedy, and we being willing, that what is right and just should be done, do command you, that by good and lawful men of your bailiwick, you give notice to the said James Gray, that he be and appear before our judge at Pittsburgh, at our district court there to be held for the county aforesaid, the 1st Monday of April next, to show if any thing for himself he can say, why the said Cooper and Dampton ought not to have their execution against him for damages, costs, &c. aforesaid, according to the force, form and effect of the recovery aforesaid, if they should think fit: and further to do and receive whatsoever our said court shall then and there, of and concerning

[Cooper v. Gray.]

him in this behalf consider, and have you then and there the names of those by whom you shall make known to him, and this writ. Witness,'' &c.

The original action in which the recognizance was entered was as follows:—

Cooper & Dunton *v.* William Hall and Samuel M'Kelvy,· merchants, trading under the firm of William Hall & Co. Narr. filed February 1, 1839. No. 128, March term 1839, capias case, returnable the first Monday of February next. Bail required in 1500 dollars. *Cepi corpus* and defendant's appearance accepted, as to Samuel M'Kelvy. January 30, 1839, *Non est inventus* as to William Hall. February 9, 1839, on motion of Mr Dunlop, the court rendered judgment in favour of plaintiff. March 2, 1839, recognizance of James Gray, Fourth street, in 1500 dollars for stay of execution, approved and filed. February 9, 1839, sum due liquidated at 826 dollars and 52 cents. Statement filed.

The first Monday of February was the 4th. The return day of the term, was the 4th Monday, the 25th March 1839. The *scire facias* issued March 9, 1840.

The following is the recognizance on which this action was brought:—

Cooper & Dampton *v.* William Hall and Samuel M'Kelvy, trading under the firm of William Hall & Co. Case. And now, to wit, February 26, 1830, James Gray, merchant, Fourth street, appears and acknowledges himself bound in recognizance to the plaintiff, above named, in the sum of 1500 dollars, lawful money of the United States, to be made and levied of his goods and chattels, lands and tenements, in order to entitle the defendants to stay of execution, agreeably to the provisions of the act of assembly, passed June 16, 1836, relative to executions.

Taken and acknowledged,          .     JAMES GRAY,
H. H. PETERSON, *prothonotary*.                  Fourth street.
Approved February 1839,                  WILLIAM HAYS.

The defendant rested his defence upon the following variances:—

1. The plaintiffs in the original suit were Cooper & *Dunton*, and the recognizance was to Cooper & *Dampton*, and this *scire facias* is by Cooper & *Dunton*.

2. The original action was against William Hall and Samuel M'Kelvy, trading in the name of William Hall & Co., the writ was served on M'Kelvy alone and a general judgment against both defendants.

3. The *scire facias* recites a recognizance dated March 2, 1839, whereas the true date is February 27, 1839.

4. It was also set up as a defence, that the writ issued before the money was due by the terms of the recognizance.

The court below rendered a judgment for the defendant.

*Dunlop,* for plaintiff in error, urged that the variances were

[Cooper v. Gray.]

immaterial, and if the writ issued prematurely, it could only be taken advantage of by plea, and cited 9 *Serg. & Rawle* 16; 3 *Binn.* 142; 2 *Tid. Prac.* 983; 2 *Saund.* 71, *note;* 1 *Chit. Pl.* 481.

*Robb,* for defendant in error, cited 6 *Com. Dig.* 378; 7 *Ibid.* 207; 1 *Saund.* 188, 407.

The opinion of the court was delivered by

SERGEANT, J.—Several variances between the *scire facias* and the record are stated as the grounds of the judgment below in favour of the defendant on the plea of *nul tiel* record, and also that the *scire facias* was prematurely issued.

The first variance alleged is, that the original suit was brought by Cooper & Dunton, and the *scire facias* was issued in the names of Cooper & Dampton. This, we think, is not material, because the recognizance was given by the defendant in the case of Cooper & Dampton, No. 128, March term, 1839, and was entered by the defendant in that as the proper suit. He is therefore estopped from taking advantage of this clerical error in the spelling of a name. Besides which, the plea of *nul tiel* record puts in issue only the recognizance, the rest being inducement, and if the variance was material, it should have been specially pleaded.

The second variance is, that the original judgment was against both Hall and M'Kelvy, whereas the *scire facias* states a judgment against M'Kelvy only. On the record and paper book before us, it is clearly a judgment only against M'Kelvy, who alone appeared. What the form of the declaration is does not appear, nor whether it would vary the case in this respect.

The third variance is, that the *scire facias* states that the recognizance was acknowledged on March 2, 1839, but the recognizance shows that it was dated and acknowledged on February 26, 1839, and approved in February 1839 by one of the judges of the court. The docket of the prothonotary states, that it was approved and filed on March 2, 1839. Amidst this discordancy of dates, it is difficult to say precisely when it was acknowledged and approved. However, the plaintiff does not, in his *scire facias,* bind himself down to the date of the recognizance. He says it was acknowledged on March 2, 1839, which it might have been, though dated before, just as the delivery of a deed is a matter independent of its date. If the recognizance had been stated by its date, the alleged variance might have had more foundation; but being stated in the *scire facias* merely as acknowledged on a certain day, the date of the recognizance is not made material, but merely the fact of acknowledgment.

As to the other suggestion, we think the cases cited by the counsel for the plaintiff in error, show that the objection that the *scire facias* was prematurely issued, cannot be taken advantage of on the plea of *nul tiel* record. It must be specially pleaded.

Judgment reversed, and judgment for plaintiffs below.